16-1345-cv
Trujillo v. City of New York, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     ROSEMARY S. POOLER
             GERARD E. LYNCH,
                      *Circuit Judges*.
             PAUL A. ENGELMAYER,[1]
                      *District Judge*.

_____

MARCO TRUJILLO,

                  *Plaintiff-Appellant*,

         v.                                                    16-1345-cv

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT,

                  *Defendants-Appellees*.[2]

_____

Appearing for Appellant:     JoAnn Squillace, Drummond & Squillace, PLLC, Jamaica, NY.

Appearing for Appellee:      Jane L. Gordon, Jeremy W. Shweder, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

---

[1] Judge Paul A. Engelmayer, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Marco Trujillo appeals the March 29, 2016 order of the United States District Court for the Southern District of New York (Gardephe, *J.*) granting the motion to dismiss Trujillo's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants-Appellees the City of New York ("City") and the New York City Police Department ("NYPD") (collectively, "Municipal Defendants"), which alleged claims against the Municipal Defendants as well as a number of individual defendants who are not parties in this appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews "*de novo* a district court's decision to dismiss a complaint pursuant to [Federal] Rule [of Civil Procedure] 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). "To survive a 12(b)(6) motion, the complaint must contain factual allegations that plausibly give rise to an entitlement to relief." *Id*. "[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal quotation marks, brackets, ellipses, and citation omitted).

We affirm for the reasons set forth in the district court's thorough and well-reasoned opinion. We agree that the discrete acts of discrimination and retaliation that Trujillo alleges which occurred before June 29, 2013 cannot form the basis of a Title VII discrimination or retaliation claim here. The mistake the reasonably related doctrine seeks to cure (inadvertent omission from an EEOC complaint of a timely claim) is not one which Trujillo made, *see Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015), and the continuing violation doctrine is of no help in in saving Trujillo's untimely discrimination and retaliation claims, *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002). We further agree that Trujillo has failed to plausibly allege that any of the conduct which forms the basis of his timely claims was motivated by discriminatory animus. *See, e.g.*, *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015) (explaining complaint fails to state a claim when it "fail[s] to allege [facts] in other than conclusory fashion").

We have considered the remainder of Trujillo's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2